**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P. O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Attorneys for Educational Credit Management Corporation

| | |
|---|---|
| In re:<br><br>BRENT E. SMITH, JR.,<br><br>　　　　　　　　Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. RAYMOND T. LYONS<br>CASE NO. 11-45129 (RTL) |
| BRENT E. SMITH, JR.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SALLIE MAE,<br><br>　　　　　　　　Defendant. | CHAPTER 7<br><br>ADV. PRO. NO. 12-01190 (RTL) |

## ANSWER

Educational Credit Management Corporation ("ECMC"), a non-profit Minnesota corporation, for its Answer to the Complaint ("Complaint") filed by the Debtor and Plaintiff, Brent E. Smith, Jr. ("Plaintiff"), by and through its undersigned counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., alleges and states as follows:[1]

---

[1] ECMC, a federal student loan guarantor in the Federal Family Education Loan Program (FFELP), holds an interest in one (1) consolidation loan owed by Plaintiff, disbursed on or about September 11, 1992, with an outstanding principal balance of approximately $21,755 as of January 31, 2012 (the "Loan").

When this adversary proceeding was filed, the lender, Chase USA Trust/SLMA Trust, filed a claim under the guaranty on the underlying note with the original guarantor, United Student Aid Funds, Inc., which subsequently assigned the Loan to ECMC in its role as specialized guarantor. Therefore, ECMC is the proper party in interest in this lawsuit with respect to the Loan. In addition to this Answer, ECMC will be filing a motion to intervene in this adversary proceeding.

1.       Except to state that it has taken or is taking assignment of the Loan, ECMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's Complaint, refers to the documents referenced therein for a true and proper interpretation of their terms, and denies that repaying the Loan would cause Plaintiff an undue hardship.

WHEREFORE, ECMC respectfully requests that this Court enter a judgment dismissing Plaintiff's Complaint in its entirety, with prejudice, declaring the Loan to be a non-dischargeable obligation pursuant to 11 U.S.C. § 523(a)(8), and awarding such other and further relief as this Court deems just and proper.

> COLE, SCHOTZ, MEISEL,
> FORMAN & LEONARD, P.A.
> Attorneys for Educational Credit
> Management Corporation
>
> By:        */s/ Kenneth L. Baum*
>               Kenneth L. Baum

Dated: March 29, 2012